UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
REMUS SMITH,

              Petitioner,

      -v.-                 9:03-CV-1178
                          (TJM)(GJD)

CALVIN WEST,

              Respondent.
------------------------------------------------------------------------

**APPEARANCES:**        **OF COUNSEL**:

REMUS SMITH
Petitioner, *pro se*
99-B-0626

ELIOT SPITZER          PATRICK F. MACRAE, ESQ.
Office of the Attorney General
State of New York
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

GUSTAVE J. DIBIANCO, U.S. MAGISTRATE JUDGE

## ORDER

Presently before this Court is a Motion to Amend the Petition filed by Remus Smith ("Petitioner" or "Smith"). Dkt No. 15.  Respondent did not file a response to the Motion.

**A. Background.**

In his original habeas Petition, Smith complained of a judgment rendered in Onondaga County Court wherein Petitioner was convicted by a jury of murder in the second degree, attempted murder in the second degree and possession of a weapon. Petitioner claims that he was thereafter sentenced to a term of twenty eight years to life imprisonment.  The convictions are alleged to have been reversed by the Appellate

Division, Fourth Department, and Petitioner alleges that the Court of Appeals reversed and remanded the case to the Fourth Department on February 13, 2002. On May 3, 2002 the Fourth Department issued an Order addressing the issues remanded by the Court of Appeals. On February 3, 2003 the Court of Appeals denied Petitioner leave to appeal.

Petitioner raised six claims in support of the original Petition, including insufficient evidence, Petitioner's "involuntary" confession, denial of his right to present a full defense when Petitioner was prohibited from offering evidence of the decedent's character, denial of due process when the jury was given the statement of a witness who did not testify, denial of Petitioner's Motion for a Mistrial based upon the jury's review of the statement of a non-testifying witness, and the denial of a fair trial due to the cumulative effect of the trial court errors. *See* Dkt. No. 1. The Response to the Petition was filed on January 14, 2004. Dkt. No. 6.

This action was stayed by Order of this Court dated September 28, 2004 so that Petitioner could return to state court to exhaust additional claims. Petitioner has filed with this Court the decisions of the Onondaga County Supreme Court (Dkt. No. 13) and the Appellate Division, Fourth Department (Dkt. No. 15) reflecting that Petitioner has completed his state court proceedings. Thus, the stay in this action will be lifted.

**B.    Motion to Amend.**

Petitioner's Motion to Amend seeks to add three new claims to this action. More specifically, Petitioner seeks to add a claim for ineffective assistance of counsel based upon trial counsel's alleged failure to request that Petitioner's statements to the police

be suppressed, alleged prosecutorial misconduct due to the prosecutor's use of Petitioner's statements that were illegally obtained, and the prosecutor's alleged knowing use of false testimony against Petitioner. *See* Dkt. No. 15.

A Motion to Amend a pleading is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).[1] Leave will be denied when an amendment is offered in bad faith, would cause undue delay or prejudice, or would be futile. *See Foman v. Davis*, 371 U.S. 178, 182, (1962); *see also Jones v. New York State Division of Military and Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999) (district court may properly deny leave when amendment would be futile); *Electronics Communications Corp. v. Toshiba America Consumer Prods., Inc.*, 129 F.3d 240, 246 (2d Cir.1997).

Local Rule 7.1(a)(4) of the Local Rules of Practice of this District provides, in pertinent part:

> An unsigned copy of the proposed amended pleading must be attached to a motion brought under Fed. R. Civ. P. 14, 15, 19-22. Except as provided by leave of court, the proposed amended pleading must be a complete pleading which will supersede the original pleading in all respects....

One of the purposes of the requirement that motions to amend be accompanied by a copy of the proposed amended Petition is to ensure that all of the allegations asserted against the respondent(s) named therein are contained in a single document,

---

[1] The Court notes that Rule 11 of the Rules Governing Habeas Corpus Proceedings permits the application of the Federal Rules of Civil Procedure to habeas proceedings "to the extent they are not inconsistent with these rules ..."

thereby reducing the likelihood that a party will overlook one or more allegations against him. Moreover, this requirement eliminates the confusing nature of "piecemeal" amended pleadings. *See Rodriguez v. Tedford*, No. 95-CV-745, slip op. at 2 (N.D.N.Y. Nov. 7, 1995) (Hurd, M.J.).

Petitioner's "Amended Petition" does not contain the information necessary to be considered a complete pleading. Although the amended Petition refers to five "attachments", no documents are appended to the proposed amended Petition.

In addition, Rule 2 of the Rules Governing Habeas Corpus Proceedings provides:

(c) Form. The petition must:

(1) specify all the grounds for relief available to the petitioner;
(2) state the facts supporting each ground;
(3) state the relief requested;
(4) be printed, typewritten, or legibly handwritten, and
(5) signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. §2242.

The proposed amended Petition does not set forth the facts that support the grounds that Petitioner seeks to assert. Without such information, it is impossible for this Court to determine whether the amended Petition is timely and/or whether any of the claims can be found to relate back to the original Petition.[2]

---

[2] In *Fama v. Commissioner of Correctional Services*, 235 F.3d 804, 815 (2d Cir. 2000), the Second Circuit specifically stated that subsection (c) of Rule 15 governs motions to amend where the statute of limitations for the underlying cause of action has already run. In order to allow the amendment, the court must find that the amendment "relates back" to the date of the original pleading. *Id*. An amendment relates back to the date of the original pleading when the claim or defense asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Id.* (quoting FED. R. CIV. P. 15(c))(internal quotations omitted). In making this determination, the court must find that the original complaint or petition "gave the defendant fair notice of the newly alleged claims." *Id*.

4

Finally, without the benefit of the factual basis for the proposed new claims, this Court is unable to determine whether such amendment would be futile. The Court notes that the state court decision from the §440 Motion found that the issues raised on the motion had (1) already been litigated in the trial court and raised on appeal,[3] (2) were factually unsupported in the record,[4] or, (3) were known to Petitioner at the time his appeal was taken from the original verdict and should have been raised on direct appeal.

For all the foregoing reasons, the Court denies Petitioner's Motion to Amend the Petition without prejudice.

WHEREFORE, it is hereby

ORDERED, that the stay entered in this case on September 28, 2004 (Dkt. No. 10) is hereby lifted, and it is further

ORDERED, that Petitioner's Motion to Amend (Dkt. No. 15) is DENIED, and it is

---

(citing *Wilson v. Fairchild Republic Co.*, 143 F.3d 733, 738 (2d Cir. 1998)).

[3] The state court noted that the ineffective assistance of counsel claim based upon counsel's alleged failure to seek suppression of Petitioner's statement was unfounded in light of the fact that counsel participated in a suppression hearing on the admissibility of Petitioner's statements that included the presentation of three witness. The state court also noted that this claim was known to Petitioner at the time he took his appeal and Petitioner failed to raise it on direct appeal. *See* Dkt. No. 13.

[4] The state court noted that Petitioner's claim that the prosecution witnesses were coerced to give perjured testimony was unfounded. *Id.* One of the witnesses Petitioner identified in this state court motion did not testify during the trial, and the other witness testified that the statements he gave to the police were untrue. *Id.* However, because Petitioner did not set forth any factual basis for his claims in the proposed amended Petition, this Court can not ascertain if the claims Petitioner seeks to add do, in fact, pertain to the same two witnesses as were discussed in the state court decision.

further

     ORDERED, that the Clerk serve a copy of this order upon the parties hereto in accordance with the Local Rules.

IT IS SO ORDERED.

DATED: December 15, 2006

                                                  _____
                                                  Hon. Gustave J. DiBianco
                                                  U.S. Magistrate Judge